IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **LAMONT ARMSTRONG**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 3327 |
| | ) | |
| **THOMAS J. DART**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Although pro se plaintiff Lamont Armstrong ("Armstrong") is in custody at Big Muddy River Correctional Center ("Big Muddy") and was housed there throughout the six-month period made relevant by 28 U.S.C. § 1915 ("Section 1915"), his self-prepared "Complaint Under the Civil Rights Act, Title 42 Section 1983" was properly filed in this Northern District of Illinois because the conduct that he characterizes as having violated his constitutional rights occurred while he was housed at the Cook County Department of Corrections ("County Jail") during May, June and July 2015. Armstrong has coupled his Complaint, filed on the printed form provided by the Clerk's Office for use by pro se prisoners, with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). Because the printout of transactions in Armstrong's trust fund account at Big Muddy did not cover the relevant six-month period, this Court has obtained the necessary additional information from the authorities at Big Muddy so that the case can go forward.[1]

---

[1] No view is expressed here as to the viability or lack of viability of Armstrong's substantive claim. Instead this Court must apply the teaching of our Court of Appeals that the very filing of a putative complaint by a prisoner brings Section 1915 into play as a threshold matter.

Under Section 1915(a)(2) a prisoner plaintiff must submit his or her trust fund account statement "for the 6-month period immediately preceding the filing of the Complaint," and for that purpose the date of "filing" is prescribed by the "mailbox rule" as defined in <u>Houston v. Lack</u>, 487 U.S. 266 (1988). With Armstrong's documents having been received in the Clerk's Office on March 14, 2016, this Court has treated March 10 as the "filing" date in making the calculation prescribed by Section 1915(b)(1), and on that basis the average monthly deposits to Armstrong's account during the relevant six-month period (Section 1915(b)(1)(A)) amounted to $58.20, 20% of which (<u>id.</u>) is $11.64.

Accordingly the initial partial payment that Armstrong must make toward the $350 filing fee is $11.64 plus 20% of all deposits to his trust fund account from March 11 through the end of May 2016. Those post-March 10 deposits aggregate $377.05, 20% of which is $75.41, so that at this point Armstrong owes a total of $87.05 toward the filing fee. Hence Armstrong is assessed that initial partial filing fee of $87.05, and the Big Muddy trust fund officer is ordered to collect that amount from Armstrong's trust fund account there as soon as it is available and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department.

After such payment the trust fund officer at Big Muddy (or at any other correctional facility where Armstrong may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account (beginning with the income credited in June 2016). Monthly payments collected

from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Armstrong's name and the 16 C 3327 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Big Muddy trust fund officer.

Next this opinion turns to the Motion, as to which Armstrong has stated in response to its key paragraph 2 ("In support of my motion, I state that I have made the following attempts to retain counsel to represent me in this proceeding"):

> None/This was filed by an advocate.

That does not do the job, for our Court of Appeals has required that any party seeking the services of a member of the trial bar to represent him or her must first (as the form indicates) make some good faith effort to obtain counsel on his or her own before such relief may be considered. Consequently the Motion (Dkt. No. 4) is denied without prejudice, even though Armstrong will have to proceed on his own until the defect referred to here has been cured.

In any event, with Armstrong having qualified for in forma pauperis treatment in the special sense set out in Section 1915, the Application (Dkt. No. 3) is granted. With that done, the United States Marshals Service is ordered to carry out its responsibility of serving process on the only named defendant, Sheriff Thomas Dart (see Section 1915(b)).[2]

                                                                                    _____
                                                                                    Milton I. Shadur
Date: June 9, 2016                                       Senior United States District Judge

---

[2] In that respect this Court recognizes that Sheriff Dart may be an unlikely target for Section 1983 liability, but he will be retained as a defendant in the case until the prospective defendants whom Armstrong labels "John Does" and "Jane Does" can be identified.