# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LAMONT ARMSTRONG**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 3327 |
| | ) |
| **THOMAS J. DART**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

It is difficult to understand -- and it would seem even more difficult to excuse -- the errors in the Clerk's Office's handling of this action disclosed by the docket. To begin with, there was an unexplained gap between the date on which pro se prisoner plaintiff Lamont Armstrong ("Armstrong") transmitted his Complaint and the Clerk's-Office-supplied form of In Forma Pauperis Application ("Application") to that office in mid-March 2016 and the date on which those documents were brought to this Court's attention. This Court's staff then requested and obtained from the personnel at Big Muddy River Correctional Center, where Armstrong was in custody, the additional information as to transactions in Armstrong's account that were needed there to cover the entire "6-month period immediately preceding the filing of the Complaint (see 28 U.S.C. § 1915(a)(2)), for which purpose the date of "filing" is prescribed by the "mailbox rule" as defined in Houston v. Lack, 487 U.S. 266 (1988).

This Court then promptly issued a June 9, 2016 memorandum opinion and order that granted the Application but identified for Armstrong the need to modify his contemporaneously-filed Motion for Appointment of Counsel ("Motion") to conform to the

requirement imposed by our Court of Appeals to identify some good faith effort to obtain counsel on his or her own before such relief may be considered. Unfortunately Armstrong ignored that directive, so that when defendant Sheriff Thomas Dart was served with process and thereafter sought an extension of time to file a responsive pleading, this Court entered another memorandum order (this time on September 6) that granted the Motion and set an October 11 status hearing, with Dart's counsel directed to make arrangements for telephonic participation by Armstrong unless he had already taken action to obtain counsel. Nearly a month later (on October 3) Armstrong finally filed a second motion for attorney representation, which this Court explained to Armstrong on the October 11 status hearing date did not do the job, and this Court issued still another memorandum order (the "October 11 Order," a copy of which is attached) that once again transmitted to Armstrong three counterparts of the Clerk's-Office-supplied form of Motion.

As always, this Court's October 11 Order allowed more than ample time for Armstrong to comply with such a clear order directed to a pro se litigant. Unfortunately total silence on Armstrong's part apparently ensued, so that this Court understandably issued a final order on November 22 dismissing Armstrong's action for want of prosecution.

But this Court has now learned that Armstrong <u>did</u> in fact respond to this Court's October 11 directive -- he did so by filing a Motion that had been received in the Clerks' Office on November 14 but for some unknown reason was not docketed until three weeks later (on December 5), just a day short of two weeks after the case had already been dismissed. This Court will not inquire into just how such belated handling (or more accurately misaccurately) could have taken place – in an effort to give Armstrong a fresh start in the new year, it sua sponte vacates the November 22 order of dismissal, grants his Motion for counsel (Dkt. No. 26) and has obtained the

name of this member of the District Court trial bar, who is designated to serve as Armstrong's counsel:

> **Ronald S. Barliant**
> Goldberg Kohn Ltd.
> Mid-Continental Plaza
> 55 East Monroe Street #3300
> Chicago, IL   60603
> (312) 201-4000
> Email: ronald.barliant@goldbergkohn.com

Because of the really unpardonable late start now being given to Armstrong's lawsuit, this Court is contemporaneously setting a status hearing date of January 19, 2017 at 9 a.m.   In the interim this Court looks to the newly-designated counsel (1) to communicate at least briefly with Armstrong and with Assistant State's Attorney Anthony Zecchin (312-603-3373), who has appeared as lead counsel for the named and unnamed defendants, and (2) to attend that status hearing prepared to discuss the prospects for going forward with this litigation.

_____
Milton I. Shadur
Senior United States District Judge

Date:   January 5, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LAMONT ARMSTRONG**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 3327 |
| | ) |
| **THOMAS J. DART**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

During this morning's hearing on "Defendant Sheriff Thomas Dart's Motion for Entry of Order in Lieu of Answer" ("Dart's Motion"), defense counsel had (as this Court requested) made arrangements for pro se prisoner plaintiff Lamont Armstrong ("Armstrong") to participate telephonically. In addition to this Court's granting of Dart's Motion, which addressed the posture of Sheriff Dart in the case for the present and hereafter, this Court availed itself of the opportunity to explain to Armstrong orally just what he had to do to obtain the assistance of designated counsel -- something really essential to his ability to proceed with his lawsuit.

In the hope that the third time may prove the charm, this Court is again sending to Armstrong three counterparts of the Clerk's-Office-supplied Motion for Attorney Representation ("Attorney Motion"). Two counterparts of the Attorney Motion must be filled out and returned by Armstrong if he hopes to proceed with his action, and in particular he must fill in the blank spaces in the most important paragraph of the Attorney Motion -- its paragraph 2.

As soon as those forms are received by the Clerk's Office, this Court will proceed to obtain representation for Armstrong by a member of this District Court's trial bar. In addition it will issue a scheduling order that should allow counsel time (1) to confer with Armstrong, (2) to take

steps to identify the defendants referred to in Armstrong's pro se Complaint as "John Doe(s)" and "Jane Doe(s)" and (3) to take whatever other preparatory steps may be pursued before the status hearing date specified in that scheduling order.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date: October 11, 2016